FILED

2012 AUG 13 PM 1:23

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALBERTO ROBERT,

 Plaintiff,

vs.

PORTFOLIO RECOVERY ASSOCIATES, LLC., and POLLACK & ROSEN, P.A.,

 Defendants,

_____/

Case No.:

6:12-CV-1233-ORL-28-KRS

## COMPLAINT and JURY TRIAL DEMAND

### INTRODUCTION

1. This is an action for damages brought by Plaintiff, ALBERTO ROBERT, an individual consumer against the Defendants, PORTFOLIO RECOVERY ASSOCIATES, LLC, a foreign limited liability corporation, and POLLACK & ROSEN, P.A., a Florida corporation, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides in Osceola County, Florida and Defendants do business in this District.

### PARTIES

3. Plaintiff, ALBERTO ROBERT (hereinafter referred to as "Plaintiff" or "ROBERT"), is a natural person, and citizen of the State of Florida, residing in Osceola County, Florida.

4. Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter referred to as "PORTFOLIO RECOVERY"), is a State of Delaware limited liability company registered in the State of Florida by operating through Portfolio Recovery Associates, Inc. with its principal place of business located at 120 Corporate Boulevard, Norfolk, Virginia 23502, and whose principle business is purchasing and collecting consumer debts and is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

5. Defendant, POLLACK & ROSEN, P.A., (hereinafter referred to as "POLLACK & ROSEN") is a Florida corporation, engaged in the practice of debt collection, with its principal place of business located at 800 Douglas Road, North Tower Suite 450, Coral Gables, Florida 33134.

6. POLLACK & ROSEN is liable for the actions of its employee JOSEPH F. ROSEN (hereinafter referred to as "ROSEN").

7. ROSEN, an employee of POLLACK & ROSEN, signed a complaint on behalf of POLLACK & ROSEN which was filed and is the subject matter of the instant lawsuit.

8. PORTFOLIO RECOVERY is liable for both the actions of POLLACK & ROSEN and for ROSEN.

9. Defendants regularly use the mail and telephone in a business the principal purpose of which is the collection of consumer debts.

10. Defendants regularly collect or attempt to collect consumer debts from other parties. They are "debt collectors" as that term is defined in the FDCPA.

11. At all times material to the allegations of this complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged consumer debt.

**FACTUAL ALLEGATIONS**

12. Defendants sought to collect an alleged consumer debt from Plaintiff arising from a credit card account and contract entered into by Plaintiff for personal, family, or household purposes.

13. On or about December 2, 2011, Defendants filed a law suit in Polk County, Florida against Plaintiff seeking to collect the alleged debt referenced in paragraph 12 above (hereinafter referred to as "the state court suit").

14. A true copy of the State Court civil docket report is attached hereto and marked as Exhibit "A".

15. The alleged debt was not based upon an agreement which was executed by Plaintiff in Polk County, Florida.

16. Plaintiff does not and has never resided in Polk County, Florida.

17. Plaintiff has incurred legal fees in defending the State Court Suit.

18. Plaintiff believes that Defendants filed the State Court Suit in an inconvenient and impermissible county as a ploy to cause Plaintiff undue hardship by forcing Plaintiff to travel to another county and thereby coerce Plaintiff into satisfying a disputed debt.

## COUNT I
## LITIGATION IN AN IMPERMISSIBLE COUNTY

19. Plaintiff incorporates Paragraphs 1 through 18.

20. Defendants violated the Fair Debt Collection Practices Act (FDCPA) by filing the State Court Suit in a county in which Plaintiff did neither reside nor sign an agreement upon which the alleged debt is based. As such, Defendants have collectively violated 15 U.S.C. § 1692i, 15 U.S.C. § 1692d, 15 U.S.C. § 1692e, and 15 U.S.C. § 1692f.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A.  Declaratory judgment that Defendants' conduct violated the FDCPA;

B.  Actual damages, including attorney's fees incurred during the State Court Suit;

C.  Statutory damages pursuant to 15 U.S.C. § 1692k;

D.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

F.  For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully submitted this 10 day of August 2012.

DICESARE, DAVIDSON, & BARKER, P.A.

_____
HAROLD E. BARKER, ESQUIRE
Florida Bar #0500143
Post Office Box 7160
Lakeland, Florida 33807-7160
Phone (863) 648-5999
Facsimile (863) 648-4755
E-Mail: rbarker@ddblaw.com
Attorney for Plaintiff